IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH MICHAEL CERVANTES,

    Plaintiff,      No. CIV S-07-2550 MCE JFM P

    vs.

PLACER COUNTY SUPERIOR
COURTS, et al.,

    Defendants.     FINDINGS & RECOMMENDATIONS
_____/

  Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

  Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). For the reasons set forth below, this action is not cognizable at this time. Accordingly, the court will not rule on plaintiff's request to proceed in forma pauperis.

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In his amended complaint[1] plaintiff alleges that Placer County added illegal enhancements to a criminal case against him in Sacramento County, thereby violating an underlying plea agreement and several of plaintiff's federal constitutional rights.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.

Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. Id. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. This court finds that plaintiff's action implicates the validity of plaintiff's

/////

/////

---

[1] Plaintiff filed this action on November 28, 2007. On November 30, 2007, he filed an amended complaint as of right. See Fed. R. Civ. P. 15.

conviction, and that plaintiff has not shown that the conviction has been invalidated.[2] Accordingly, the action must be dismissed without prejudice. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 18, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

12
cerv2550.56

---

[2] In fact, court records, which may be judicially noticed, see MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986), show that plaintiff has also filed a petition for writ of habeas corpus in this court based on the same facts alleged in the amended complaint. See Cervantes v. Placer County Jail, No. CIV S-07-2551 MCE KJM P, filed November 28, 2007.