IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH MICHAEL CERVANTES, | No. 2:07-cv-02550-MCE-JFM P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| PLACER COUNTY SUPERIOR COURTS, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On December 19, 2007, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. On December 26, 2007, plaintiff filed a document styled "Suplemental [sic]." The court construes this document as objections to the findings and recommendations.[1]

---

[1] In the objections, plaintiff also requests appointment of counsel or a sixty day extension of time to seek counsel to represent him in this action. The United States Supreme Court has

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 26, 2007 filing is construed in part as objections to the findings and recommendations filed December 19, 2007;

2. Plaintiff's December 26, 2007 request for appointment of counsel is denied;

3. Plaintiff's December 26, 2007 request for extension of time is denied;

4. The findings and recommendations filed December 19, 2007, are adopted in full; and

5. This action is dismissed without prejudice.

Dated: February 11, 2008

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied. Moreover, no good cause appears in the record to delay disposition of these proceedings. Plaintiff's request for an extension of time will also be denied.